# IN THE DISTRICT COURT OF THE UNITED STATES
## For the Western District of New York

---

May 2009 GRAND JURY
(Empaneled 5/1/09)

**THE UNITED STATES OF AMERICA**

   *-vs-*

**JERRY ROBBINS a/k/a JERRY ROBINS,**
   **d/b/a** *FINISH LINE AUTO SALES*
   **a/k/a** *FINISH LINE AUTO*

## INDICTMENT

**Violations:**
Title 18, United States Code, Sections 1956(h), 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), 1956(a)(3)(B), 1957(a), 2232(a), and 2; Title 31, United States Code, Sections 5331(a) and 5332(b)
(26 Counts and Forfeiture Allegation)

### COUNT 1

**The Grand Jury Charges That:**

Between in or about at least May 2003 and in or about November 2007, the exact dates being unknown, in the Western District of New York, and elsewhere, the defendant, **JERRY ROBBINS a/k/a JERRY ROBINS, d/b/a Finish Line Auto Sales a/k/a Finish Line Auto**, did knowingly, willfully and unlawfully combine, conspire and agree with others, known and unknown, to commit the following offenses, namely,

   (a) to knowingly conduct financial transactions affecting interstate commerce, namely, the transfer, delivery and

disposition of monetary instruments, namely, United States currency, involving the proceeds of specified unlawful activity, namely, the unlawful distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to do so, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the said specified unlawful activity, and knowing that the property involved in such financial transactions, namely, the said United States currency, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b) to knowingly conduct financial transactions affecting interstate commerce, namely, the transfer, delivery and disposition of monetary instruments, namely, United States currency, involving the proceeds of specified unlawful activity, namely, the unlawful distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to do so, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under Federal law, namely,

the transaction reporting requirements as set forth in Title 31, United States Code, Section 5331(a) and the regulations promulgated thereunder, including Title 31, Code of Federal Regulations, Section 103.30, and knowing that the property involved in such financial transactions, namely, the said United States currency, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(c) to knowingly engage in monetary transactions, within the United States, namely, the deposit, transfer and exchange of funds and monetary instruments by, through and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, namely, the unlawful distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to do so, in violation of Title 21, United States Code, Section 846, and knowing that the funds and monetary instruments were derived from a criminal offense, in violation of Title 18, United States Code, Section 1957(a).

**All in violation of Title 18, United States Code, Section 1956(h).**

## COUNT 2

**The Grand Jury Further Charges That:**

On or about September 8, 2006, in the Western District of New York, the defendant, **JERRY ROBBINS a/k/a JERRY ROBINS, d/b/a Finish Line Auto Sales a/k/a Finish Line Auto**, did knowingly and willfully conduct, and attempt to conduct, a financial transaction, namely, the transfer, delivery and disposition of monetary instruments, namely, United States currency, and the transfer of title to a vehicle, which financial transaction affected interstate commerce, and which financial transaction involved property represented by law enforcement to be proceeds of specified unlawful activity, namely, the unlawful distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to do so, in violation of Title 21, United States Code, Section 846, with the intent to conceal and disguise the nature, location, source, ownership and control of the property believed to be the proceeds of said unlawful activity.

**All in violation of Title 18, United States Code, Section 1956(a)(3)(B).**

**COUNTS 3 THROUGH 9**

**The Grand Jury Further Charges That:**

On or about the dates listed below, in the Western District of New York, and elsewhere, the defendant, **JERRY ROBBINS a/k/a JERRY ROBINS, d/b/a Finish Line Auto Sales a/k/a Finish Line Auto**, did knowingly conduct, and attempt to conduct, financial transactions, namely, the transfer, delivery and disposition of monetary instruments, namely, United States currency, and the transfer of title to vehicles, such financial transactions described further in each count listed below, which financial transactions affected interstate commerce, and which involved the proceeds of specified unlawful activity, namely, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to do so, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and to avoid a transaction reporting requirement under Federal law, namely, the transaction reporting requirements as set forth in Title 31, United States Code, Section 5331(a) and the regulations promulgated thereunder, including Title 31, Code of Federal Regulations, Section 103.30, and knowing that the property involved in such financial transactions, namely, the

said United States currency, represented the proceeds of some form of unlawful activity:

| Count | Date | Vehicle Involved in Transaction | Financial Transaction |
|---|---|---|---|
| 3. | 02/27/06 | 2001 GMC Yukon | $25,000.00 |
| 4. | 03/29/06 | 2001 GMC Yukon | $12,228.00 |
| 5. | 06/08/06 | 2002 Mercedes | $23,000.00 |
| 6. | 09/8/06 | 2003 Cadillac Escalade | $27,000.00 |
| 7. | 04/27/07 | 2002 Chevrolet Suburban | $10,820.00 |
| 8. | 06/09/07 | 2004 Infiniti QX56 | $34,455.00 |
| 9. | 07/12/07 | 2006 Landrover | $45,000.00 |

**All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii) and 2.**

## COUNTS 10 THROUGH 16

**The Grand Jury Further Charges That:**

On or about the dates listed below, in the Western District of New York, the defendant, **JERRY ROBBINS a/k/a JERRY ROBINS, d/b/a Finish Line Auto Sales a/k/a Finish Line Auto**, did knowingly engage, and attempt to engage, in monetary transactions, within the United States, namely, the deposit, transfer and exchange of funds

and monetary instruments, such monetary transactions described in each count listed below, by, through and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, namely, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to do so, in violation of Title 21, United States Code, Section 846, and knowing that the funds and monetary instruments were derived from a criminal offense:

| Count | Date | Vehicle Involved in Transaction | Monetary Transaction |
|---|---|---|---|
| 10. | 02/27/06 | 2001 GMC Yukon | $25,000.00 |
| 11. | 03/29/06 | 2001 GMC Yukon | $12,228.00 |
| 12. | 06/08/06 | 2002 Mercedes | $23,000.00 |
| 13. | 09/8/06 | 2003 Cadillac Escalade | $27,000.00 |
| 14. | 04/27/07 | 2002 Chevrolet Suburban | $10,820.00 |
| 15. | 06/09/07 | 2004 Infiniti QX56 | $34,455.00 |
| 16. | 07/12/07 | 2006 Landrover | $45,000.00 |

**All in violation of Title 18, United States Code, Sections 1957(a) and 2.**

## COUNTS 17 through 25

**The Grand Jury Further Charges That**:

On or about dates listed below, in the Western District of New York, the defendant, **JERRY ROBBINS a/k/a JERRY ROBINS, d/b/a Finish Line Auto Sales a/k/a Finish Line Auto**, was engaged in a trade or business, namely, the sale of automobiles, and did receive in the course of such trade and business United States currency in excess of $10,000, as described further below, without filing a "Report of Cash Payments Over $10,000 Received in a Trade or Business" (FINCEN Form 8300) at such time and in such manner as the Secretary of the Department of the Treasury has, by regulation, prescribed, namely, Title 31, Code of Federal Regulations, Section 103.30, and did so while violating another law of the United States, namely, Title 18, United States Code, Sections 1956(h), 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), and 1957(a), and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period:

| Count | Date | Vehicle Involved in Transaction | Currency Amount |
|---|---|---|---|
| 17. | 02/27/06 | 2001 GMC Yukon | $25,000.00 |
| 18. | 03/29/06 | 2001 GMC Yukon | $12,228.00 |
| 19. | 06/08/06 | 2002 Mercedes | $23,000.00 |
| 20. | 09/8/06 | 2003 Cadillac Escalade | $27,000.00 |
| 21. | 01/09/07 | 2003 Cadillac Escalade | $18,000.00 |

| Count | Date | Vehicle Involved in Transaction | Currency Amount |
|---|---|---|---|
| 22. | 04/27/07 | 2002 Chevrolet Suburban | $10,820.00 |
| 23. | 05/29/07 | 2003 BMW | $12,500.00 |
| 24. | 06/09/07 | 2004 Infiniti QX56 | $34,455.00 |
| 25. | 07/12/07 | 2006 Landrover | $45,000.00 |

**All in violation of Title 31, United States Code, Sections 5331 and 5322(b).**

### COUNT 26

**The Grand Jury Further Charges That:**

Between on or about June 9, 2008, and the date of the return of this Indictment, the exact date being unknown, in the Western District of New York, the defendant, **JERRY ROBBINS a/k/a JERRY ROBINS, d/b/a Finish Line Auto Sales a/k/a Finish Line Auto,** before the seizure of property, namely, a 2006 Land Rover motor vehicle, bearing Vehicle Identification Number SALS025426A90538, by Special Agents of the Internal Revenue Service, persons authorized to make such seizure, and in order to prevent such authorized seizure, did knowingly and unlawfully dispose of, transfer and otherwise take action for the purpose of preventing and impairing the Government's

9

lawful authority to take such property into its custody and control.

**All in violation of Title 18, United States Code, Section 2232(a).**

### FORFEITURE ALLEGATION

### The Grand Jury Alleges That:

As a result from his conviction of Counts 1 through 30, or any one of them, of this Indictment, the defendant, **JERRY ROBBINS a/k/a JERRY ROBINS, d/b/a Finish Line Auto Sales a/k/a Finish Line Auto** shall forfeit to the United States, all property involved in the offenses of conviction, and any property traceable to said property, including but not limited to the following:

**A. MONETARY AMOUNT**

The sum of approximately FIVE HUNDRED ELEVEN THOUSAND, THREE HUNDRED AND ONE DOLLARS ($511,301.00) in United States currency; and

**B.  REAL PROPERTY**

The premises and real property with its buildings, improvements, fixtures, attachments and easements, known as **2399 Bailey Avenue, Buffalo, New York**; namely, all that tract or parcel of land, situate in the City of Buffalo, County of Erie and State of New York and more particularly described in a certain deed dated August 28, 2003, and recorded in Liber 11053 of deeds at page 2133 in the Erie County Clerk's Office; and

**C.  SUBSTITUTE ASSETS**

If any of the properties described above, as a result of any act or omission of the defendant;

    1) cannot be located upon the exercise of due diligence;

    2) has been transferred or sold to, or deposited with, a third party;

    3) has been placed beyond the jurisdiction of the court;

    4) has been substantially diminished in value; or

    5) has been commingled with other property which cannot be divided without difficulty;

the Court shall order the forfeiture of any other property of the defendant up to the value of the property sought forfeited including but not limited to the following:

**D. REAL PROPERTY**

The premises and real property with its buildings, improvements, fixtures, attachments and easements, known as **143 Pine Ridge Road, Cheektowaga, New York**; namely, all that tract or parcel of land, situate in the Town of Cheektowaga, County of Erie and State of New York and more particularly described in a certain deed dated January 23, 2004, and recorded in Liber 11067 of deeds at page 1466 in the Erie County Clerk's Office; and

The premises and real property with its buildings, improvements, fixtures, attachments and easements, known as **2399 Bailey Avenue, Buffalo, New York**; namely, all that tract or parcel of land, situate in the City of Buffalo, County of Erie and State of New York and more particularly described in a certain deed dated August 28, 2003, and recorded in Liber 11053 of deeds at page 2133 in the Erie County Clerk's Office; and

The premises and real property with its buildings, improvements, fixtures, attachments and easements, known as **407 Hampshire Street, Buffalo, New York**; namely, all that tract or parcel of land, situate in the City of Buffalo, County of Erie and State of New York and more particularly described in a certain deed dated August 24, 2001, and recorded in Liber 10987 of deeds at page 7234 in the Erie County Clerk's Office.

**All pursuant to the provisions of Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p).**

DATED: Buffalo, New York, September 15, 2010.

                        WILLIAM J. HOCHUL, JR.
                        United States Attorney

BY:   S/JOEL L. VIOLANTI
       JOEL L.  VIOLANTI
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5700, ext. 854
       joel.l.violanti@usdoj.gov

A TRUE BILL:

S/FOREPERSON
FOREPERSON